OSCAR G. DOUGLASS, Administrator, *vs.* MAHALA PARKER.

Androscoggin.     Opinion June 4, 1892.

*Life Insurance. Premiums.  R. S., c. 64, § 48, cl. 4; c. 75, § 10.*

Where a life policy is payable to the widow, it does not become assets of the estate; and the administrator can neither collect it, nor maintain an action against her, under R. S., c. 64, § 48, to recover the premiums paid by the insured within three years of his death, as belonging to the estate.

*Cragin* v. *Cragin,* 66 Maine, 517, affirmed.

ON REPORT.

This was an action by the administrator of the estate of James S. Parker, deceased, to recover certain sums of money from his widow, which were claimed as premiums, with interest thereon, of life insurance or benefits paid to the defendant after the death of her husband, by the Odd Fellows Mutual Relief Association of Maine, and the Manufacturers and Mechanics Lodge, No. 62, I. O. O. F.

It appeared that the deceased, James S. Parker, was a member of both associations ; and that under their by-laws, to which the contracts conform, the benefits are payable to the widow, in the absence of any direction for a different disposition; or are payable as a funeral benefit to the widow, orphans, or dependent relatives.

The plaintiff claimed that, under the statutes of the State, the premiums paid by the deceased Parker to any life insurance company within three years prior to his death were assets of the

estate, and constituted a fund out of which the debts of the deceased Parker might be paid.

*F. A. Morey*, for plaintiff.

Defendant claims that the premiums paid for three years do not become assets for the payment of debts, but go to the beneficiary. If such be the rule, then the statute is practically rendered void; for it must be admitted that in the majority of contracts of life insurance some person or persons are designated as beneficiaries in case of death. If such was the intention why does the statute not contain that very important exception?

This amount of premiums was set apart in justice to the creditors, by the statute; and no contract between the parties to the insurance can divest the creditors, or their representatives, of this fund so created by law for their benefit.

This court has decided in case of *Hathaway* v. *Sherman*, 61 Maine, 477, where several policies of life insurance were made payable to wife and child and also some to the legal representatives of deceased, that the premiums and interest paid three years prior to deceased's death must be paid to his executor, saying, " Our conclusions are, in the case at bar, that it is not competent for the executor to use any part of the moneys accruing from life insurance policies, save the premiums and interest excepted by statute, for the payment of debts, allowance to widow, or legacies bequeathed in the will."

*N. and J. A. Morrill*, for defendant.

WALTON, J. This is an action by the administrator of James S. Parker to recover from his widow a portion of the money that has been paid to her as insurance on the life of her husband. The plaintiff claims that by force of the statutes of this State the premiums paid by the deceased Parker within three years of his death belong to the estate as assets for the payment of debts.

We do not think this claim can be sustained. It was decided in *Cragin* v. *Cragin*, 66 Maine, 517, that the statutes referred to (R. S., c. 64, § 48, cl. 4, and R. S., c. 75, § 10), are not applicable to a case like this; that these provisions refer only to the distribution of money received on a life policy belonging

to the estate; that when by the terms of the policy or the contract of insurance, the money is payable directly to the widow, or to the widow and children, it does not belong to the estate, and can not be collected by the administrator; and that the beneficiaries take the money, not as distributees, but as donees; and not in the proportions provided by the statute, but in the proportions provided by the contract of insurance.

Such being the law, the conclusion is inevitable that this action is not maintainable. None of the money paid to the defendant by the two societies mentioned in the plaintiff's declaration can be regarded as assets belonging to the estate of her deceased husband. By the terms of the contracts with the societies, as shown by the proofs, the insurance money was payable directly to her, and could not have been recovered by the plaintiff from the societies; nor can any portion of it now be recovered by him from her.

*Judgment for defendant.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.